**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FILIBERTO ESPINOZA HUERTA,** | : | **CIVIL ACTION** |
| **v.** | : | **NO. 26-7845** |
| **MULLIN, *et al.*** | : | |

**MEMORANDUM OPINION**

**Henry, J.** **October 27, 2026**

This case is before the Court on Filiberto Espinoza Huerta's Petition for Writ of Habeas Corpus (ECF No. 1). Espinoza Huerta challenges his current detention by Respondents after being arrested by ICE. Because I hold that Espinoza Huerta's detention violates both 8 U.S.C. § 1226(a) and due process, I will grant the writ and order his immediate release.

## I. BACKGROUND

Espinoza Huerta, a native of Mexico, entered the United States more than twenty years ago when an immigration officer inspected him and admitted him on an H-2A work visa. Pet. at 3. Espinoza Huerta overstayed that visa but has never had any other contact with the immigration system. *Id.* On October 5, 2026, numerous unmarked vehicles surrounded Espinoza Huerta's car as he was on his way to work and arrested him. *Id*. at 4. According to Respondents, a warrant was issued for Espinoza Huerta's arrest on August 25, 2026. Answer to Petition ("Ans."), ECF No. 6 at 2, Ex. B. On the date of his arrest, Espinoza Huerta was served with a Notice to Appear and a Notice of Custody Determination. *Id*. at 2, Exs. C and D. The Notice to Appear stated that Espinoza Huerta was subject to removal because he had remained in the United States for longer than the permitted period of time, and the Notice of Custody Determination stated that he would be

detained. Ans. at Exs. C and D. Espinoza Huerta requested that an immigration judge review his custody determination (*Id*. at Ex. D.) and he appeared before an immigration judge on October 26, 2026. Petitioner's Reply ("Reply"), ECF No. 8, Affidavit of Alexis Price, Esq. at ¶ 11. At the conclusion of his immigration hearing, the Immigration Judge denied Espinoza Huerta's request for bond. *Id*. at ¶ 27.

## II. DISCUSSION

Espinoza Huerta argues, *inter alia*, that he was arrested without a warrant and that his detention violates due process because he was not subject to an individualized custody determination. Pet. at 8-9. Respondents argue that Espinoza Huerta is lawfully detained under 8 U.S.C. § 1226(a), that his claim that he was arrested without a warrant is erroneous and non-cognizable, that his detention does not violate due process, and that the applicable regulations were followed in arresting and detaining him. Ans. at 4.

### A. Exhaustion

It is true that, prior to seeking habeas relief, petitioners "are ordinarily required to exhaust their administrative remedies." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (collecting cases). Respondents argue that Espinoza Huerta was required to exhaust administrative remedies in the form of completing a bond hearing and subsequent appeal to the BIA, if necessary, before filing his habeas petition with the Court. Ans. at 5-6. However, I find that Espinoza Huerta was not required to exhaust administrative remedies before requesting habeas relief.

Administrative exhaustion for Section 2241 habeas petitioners is prudential, and courts may excuse exhaustion "if 'administrative remedies would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury.'" *Dos Reis v. McShane*, 2026 WL 1746649, at *3 (E.D. Pa. June 17, 2026) (quoting *Lyons v. U.S. Marshals*, 840 F.2d 202,

205 (3d Cir. 1988)). I agree with many of my colleagues that administrative exhaustion is not required where, as here, "[a] later bond hearing [would] not necessarily cure the alleged constitutional violation that preceded it." *Dos Reis*, 2026 WL 1746649 at *3. Here, the alleged deprivation of process occurred when Espinoza Huerta was arrested and detained without an individualized custody determination. The subsequent bond hearing that was held on October 26, 2026—the purpose of which was redetermination of custody, see *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 497 (S.D.N.Y. 2025)—and the potential later appeal to the BIA do not cure a deprivation of due process at the initial custody determination stage. Therefore, exhaustion is excused.

**B. Detention Under 8 U.S.C. § 1226(a)**

Detention under 8 U.S.C. § 1226(a) is discretionary, and a non-citizen detained under Section 1226 has due process rights, "including a right to an individualized detention determination and a bond hearing." *Regalado-Nauta v. Jamison*, 2026 WL 2740528, at *3 (E.D. Pa. Sept. 16, 2026) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *5 (E.D. Pa. Nov. 14, 2025). In *Dos Reis,* 2026 WL 1746649 at *4, the Court held that due process required ICE to exercise its 8 U.S.C. § 1226(a) discretion through "an individualized determination as to . . . whether the noncitizen is a 'danger to property or persons' and is 'likely to appear for any future proceeding.'" *Id.* The Court held that the record did not reflect an individualized assessment where ICE did not provide "a reasoned finding that Petitioner is dangerous or a flight risk, or unsuitable for conditions short of detention." *Id.*

Here, Respondents briefly argue that ICE completed an individualized custody determination when it "reviewed [Espinoza Huerta's] case and determined that he was present in the United States without lawful status." Ans. at 8. However, a review of the record before the Court shows that in fact, there was no individualized custody determination as to Espinoza Huerta.

Form I-213 provides no information at all regarding Espinoza Huerta's detention, Form I-286 merely checks "Detained" and gives no reason whatsoever for the detention and the Notice to Appear only states that Espinoza Huerta is subject to removal because he had remained in the United States for longer than the permitted period of time. Ans., Exs. A, C and D. None of these forms discuss any risk of flight or danger to the community to justify the detention of Espinoza Huerta and they all clearly fail to undertake any type of individual examination of him. Because he has not been afforded the required individualized custody determination, his detention under 8 U.S.C. § 1226(a) is unlawful.

**C. Constitutional Due Process**

Due process in the civil immigration context requires procedures that are reasonably calculated to avoid erroneous deprivations of liberty. See *Mathews v. Eldridge*, 424 U.S. 319, 333-35 (1976). The Court set forth factors in *Mathews* that courts should balance in determining if an individual has been deprived of due process: (1) the private interest affected by official action; (2) the risk of erroneous deprivation of that interest and the probable value of additional safeguards; and (3) the Government's interest, including the burdens placed on it to provide the additional safeguards. 424 U.S. at 335.

I again agree with many of my colleagues that detention without an individualized custody review violates due process, and that a determination of an individual's presence in the United States without lawful status is insufficient to meet that threshold. See *Dos Reis*, 2026 WL 1746649 at *4 ("Reliance on status alone amounts to 'a per se determination' that 'comports not with 1226(a), but with [the Government's] desired policy of detention.'"); *Dzehtisarou v. Mullin*, 2026 WL 2211392, at *5 (E.D. Pa. July 31, 2026) ("Given the government's failure to provide reasoning based on an individualized determination, 'the facts clearly demonstrate that [Petitioner] was entitled to more process than he received pursuant to § 1226(a) and its implementing

regulations.'"). In both *Dos Reis* and *Dzehtisarou*, the Court balanced the factors set forth in *Mathews v. Eldridge*, 424 U.S. at 335, in determining whether detention without an individualized custody determination violated due process.

I agree with the reasoning in *Dos Reis* and *Dzehtisarou* that Espinoza Huerta has a strong interest in freedom from physical confinement, that the risk of erroneous deprivation is great when an individual is detained without some determination of whether they present a danger or a flight risk, and the Government's interest in ensuring appearance at removal proceedings does not outweigh Espinoza Huerta's interests in freedom from physical confinement and a determination of risk prior to detention. See *Dos Reis*, 2026 WL 174469 at *5; *Dzehtisarou*, 2026 WL 2211392 at *5-6. Here, it cannot be said that there was a sufficient individualized custody determination to outweigh Espinoza Huerta's interest in freedom from physical confinement where the detaining agent's review of his case determined only that he had stayed in the United States beyond the permitted period of time, and there is no evidence that he was dangerous or a flight risk. Espinoza Huerta's current detention thus violates his due process rights.

Respondents contend that there has been no deprivation of due process, as Espinoza Huerta exercised his right to request a bond hearing before an immigration judge, who made a determination as to his custody. Respondents argue that that process is not yet complete (as Espinoza Huerta has a potential appeal to the BIA), and therefore, "[Espinoza Huerta] cannot demonstrate that his recent detention violates constitutional due process." Ans. at 8. I disagree. A bond hearing and later appeal will not cure the initial procedural deficiency—Espinoza Huerta's arrest without an individualized custody determination. See *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475 (S.D.N.Y. 2025) ("[I]n this case, the issue is that there is no 'initial decision' for [Petitioner] to 'appeal.' Accordingly, '[s]uch a hearing is no substitute for the requirement that ICE engage in

a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause.'")).

## III. CONCLUSION

For the foregoing reasons, Espinoza Huerta's detention is improper and as such, his Petition is granted and his immediate release is ordered.